```
N7QHLewA
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                                    23 Cr. 370 (VF)

JOSEPH LEWIS, PATRICK
O'CONNOR, and BRYAN MARTY
WAUGH,

                                        Arraignment
              Defendants.
------------------------------x

                                       New York, N.Y.
                                       July 26, 2023
                                       1:30 p.m.

Before:

                  HON. VALERIE FIGUEREDO,

                                      U.S. Magistrate Judge

                          APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
NICOLAS ROOS
JASON RICHMAN
    Assistant United States Attorneys

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
    Attorneys for Defendant Lewis
BY:  DAVID M. ZORNOW

KAPLAN HECKER & FINK LLP
    Attorneys for Defendant O'Connor
BY:  SHAWN GEOVJIAN CROWLEY

KRIEGER KIM & LEWIN LLP
    Attorneys for Defendant Waugh
BY:  NICHOLAS J. LEWIN

Also Present:  Tyler Whitecomb, FBI

1            THE DEPUTY CLERK:  Good afternoon, your Honor.

2            This is the case of U.S. v. Joseph Lewis, Patrick

3    O'Connor, and Marty Waugh, case No. 23 Cr. 370.

4            Government, please make your appearance for the

5    record.

6            MR. ROOS:  Good afternoon, your Honor.

7            Nick Roos, Jason Richman, for the United States.

8    We're joined at counsel's table by Special Agent Tyler

9    Whitecomb of the FBI.

10           THE COURT:  Good afternoon.

11           I guess for Mr. Lewis.

12           MR. ZORNOW:  Yes, your Honor.  David Zornow, Skadden

13   Arps Slate Meagher & Flom LLP, for Mr. Lewis.

14           THE COURT:  Good afternoon, Mr. Zornow.

15           And good afternoon, Mr. Lewis.

16           And for Mr. O'Connor.

17           MR. CROWLEY:  Good afternoon, your Honor.  Shawn

18   Crowley from Kaplan Hecker & Fink, for Patrick O'Connor.

19           THE COURT:  Good afternoon, Ms. Crowley.

20           Good afternoon, Mr. O'Connor.

21           And for Mr. Waugh.  Did I get that right?

22           MR. LEWIN:  Yes, Judge.

23           Nick Lewin from Krieger Kim & Lewin LLP for Marty

24   Waugh, who is seated to my right.

25           THE COURT:  Good afternoon, Mr. Lewin.

           And good afternoon, Mr. Waugh.

           MR. LEWIN:  Good afternoon, Judge.

           THE COURT:  Mr. Roos or Mr. Richman, could I have the time of arrest and date.

           MR. ROOS:  The defendants surrendered to the FBI this morning at approximately 6:30.

           THE COURT:  Mr. Lewis, Mr. O'Connor, and Mr. Waugh, I'm Magistrate Judge Figueredo.  The purpose of today's proceeding is to advise you of certain rights that you have, inform you of the charges against you, consider whether counsel should be appointed for you, and decide under what conditions, if any, you shall be released pending trial.

           I'm going to explain certain constitutional rights that you have.  You have the right to remain silent.  You are not required to make any statements.  Even if you have already made statements to the authorities, you do not need to make any further statements.  Any statements that you do make can be used against you.

           You have the right to be released either conditionally or unconditionally pending trial, unless I find that there are no conditions that would reasonably assure your presence at future court appearances and the safety of the community.

           If you are a foreign national, you have the right to request that a consular officer from your country of origin be notified of your arrest.  In some cases a treaty or other

1  agreement may require the United States government to give that
2  notice whether you request it or not.
3          You have the right to be represented by an attorney
4  during all court proceedings, including this one, and during
5  all questioning by the authorities.  If you cannot afford an
6  attorney, I'll appoint one today to represent you.
7          Mr. Roos, just want to confirm, we're doing an
8  arraignment as well?
9          MR. ROOS:  That's correct, your Honor.  The district
10 court judge referred this for presentment and arraignment.
11         THE COURT:  Mr. Zornow, have you received a copy of
12 the indictment?
13         MR. ZORNOW:  Yes, your Honor.  Whoops, sorry.
14         THE COURT:  Have you reviewed the indictment with
15 Mr. Lewis?
16         MR. ZORNOW:  Yes, your Honor.
17         THE COURT:  Is he waiving a detailed reading of the
18 charges?
19         MR. ZORNOW:  Yes, your Honor.
20         THE COURT:  Mr. Lewis, in Counts One and Two, you are
21 charged with conspiracy to commit securities fraud, in
22 violation of Title 18, United States Code, Section 371.
23         In Counts Three through Fifteen, you're charged with
24 securities fraud, in violation of Title 15, United States Code,
25 Sections 78j(b) and 78ff.

            You're also charged in Counts Fifteen through Eighteen with violating, again, Title 18, United States Code, Section 1348 and 2, securities fraud.

            And in the last count, you're charged with conspiracy to commit securities fraud and make false statements, in violation of Title 18, United States Code, Section 371.

            Are you prepared to enter a guilty —— a plea to the indictment?

            DEFENDANT LEWIS:  Yes.

            THE COURT:  And what is your plea, Mr. Lewis?

            DEFENDANT LEWIS:  Not guilty, your Honor.

            THE COURT:  A plea of not guilty will be entered, and the record should reflect that Mr. Lewis is now arraigned.

            Ms. Crowley, have you received a copy of the indictment?

            MR. CROWLEY:  I have, and I have discussed it with my client.  And we waive its public reading, your Honor.

            THE COURT:  Mr. O'Connor, in Count One you're charged with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 1348.

            In Counts Three through Fifteen, you're charged with securities fraud, in violation of Title 18, United States Code, Section 1348 and 2.

            In Count Sixteen and Seventeen and Eighteen, you're also charged with securities fraud, in violation of Title 18,

1  United States Code, Section 1348 and 2.
2              Are you prepared to enter a plea to the indictment at
3  this time?
4              DEFENDANT O'CONNOR:  Yes.
5              THE COURT:  And what is your plea?
6              DEFENDANT O'CONNOR:  Not guilty, your Honor.
7              THE COURT:  A plea of not guilty will be entered, and
8  the record should reflect that Mr. O'Connor is now arraigned.
9              Mr. Lewin, have you received a copy of the indictment?
10             MR. LEWIN:  We have, Judge.  And I've reviewed it with
11 my client, and we waive its public reading.
12             THE COURT:  And is Mr. Waugh prepared to enter a plea
13 to the indictment at this time?
14             MR. LEWIN:  He is, Judge.
15             THE COURT:  What's your plea, Mr. Waugh?
16             DEFENDANT WAUGH:  Not guilty, your Honor.
17             THE COURT:  A plea of not guilty will be entered, and
18 the record should reflect that Mr. Waugh is now arraigned.
19             In accordance with Rule 5(f), I direct the prosecution
20 to comply with its obligation under *Brady v. Maryland* and its
21 progeny to disclose to the defense all information, whether
22 admissible or not, that is favorable to the defendant, material
23 either to guilt or punishment, and known to the prosecution.
24 Possible consequences for noncompliance may include dismissal
25 of individual charges or the entire case, exclusion of

N7QHLewA

evidence, and professional discipline or court sanctions on the attorneys responsible.

I'll enter an order more fully describing this obligation and possible consequences of failing to meet it, and I direct the prosecution to review and comply with that order.

Does the prosecution confirm that it understands its obligations and will fulfill them?

MR. ROOS:  Yes, your Honor.

THE COURT:  Thank you.

My understanding is there is an agreement regarding release pending trial.

MR. ROOS:  That's correct, your Honor.  And I'd be happy to give you the proposed conditions of release for each of the defendants.

THE COURT:  Can we start with Mr. Lewis?

MR. ROOS:  Certainly.

So for Mr. Lewis, it is a $300 million personal recognizance bond to be secured by the yacht known as the *Aviva* and Mr. Lewis' private aircraft, the total value of which combined are approximately the value of the bond, $300 million, so the bond in that way would be fully secured; cosigned by two financially responsible persons who will sign bonds in lesser amounts, not the full $300 million; surrender of passports, which I believe has already happened, and no new applications; subject to regular reporting to Pretrial Services as directed;

execute extradition waivers for countries agreed to with the United States Attorney's Office; travel restricted to the Southern District of New York, the Eastern District of New York, the Northern District of Virginia, and the entire state of Florida.

MR. ZORNOW:  Excuse me, Mr. Roos, Northern District of Georgia.

MR. ROOS:  I said something different?

MR. ZORNOW:  You said Virginia.

MR. ROOS:  My apologies.  It's written right.  I just said it wrong.  I'll read them again.

Southern District of New York, Eastern District of New York, Northern District of Georgia, and the entirety of the state of Florida and all points in between for purposes of travel.

THE COURT:  What's in the Northern District of Georgia?

MR. ROOS:  Atlanta, he has a property holding.

THE COURT:  OK.

MR. ROOS:  No international travel; a prohibition on boarding the yacht or yachts that he owns; notification to the FBI, U.S. Attorney's Office, and Pretrial Services if the yachts are moving locations; access to the plane for purposes of domestic travel for court only; prior notice to the FBI, Southern District of New York, U.S. Attorney's Office, and

Pretrial Services if the plane is going to be used; no contact with codefendants except in the presence of counsel; no contact with witnesses designated by the U.S. Attorney's Office. That designation will be made in a writing, either email or letter, with defense counsel. Excluded from this limitation are Mr. Lewis' personal assistants. Two weeks to complete the conditions.

THE COURT: Mr. Roos, you had mentioned the bond. There would be a $300 million personal recognizance bond fully secured by those two properties or assets, but then you mentioned another bond cosigned by two financially responsible people, but you didn't give me an amount.

MR. ROOS: That's correct, your Honor. So I think, given just the personal financial circumstances of the two cosigners, whoever they ultimately are, it doesn't make sense for it to be that bond amount. We want to pick a bond amount that is —— that is weighty for those individual person's circumstances. And so if it's OK with your Honor, we'll submit a supplement to the Court, once we know and have interviewed those cosigners, indicating what we propose the bond amounts to be. So we'll require a minor modification to the bond at that time.

THE COURT: OK. And, Mr. Zornow, are those the conditions as you understand them?

MR. ZORNOW: Yes, your Honor.

1  THE COURT: I'm just going to read them back to you to
2  make sure I got them all.
3  So it's a $300 million personal recognizance bond
4  secured by the *Aviva* yacht and Mr. Lewis' private aircraft; a
5  bond in an unspecified amount at the moment cosigned by two
6  financially responsible individuals. He will surrender all
7  passports and not make any new applications. He will be
8  subject to pretrial supervision as directed by Pretrial
9  Services. He will execute the extradition waivers. Travel
10 will be restricted to the Southern District of New York, the
11 Eastern District New York, the Northern District of Georgia,
12 all of Florida, and points in between for purposes of travel,
13 but he's prohibited from international travel.
14 He's prohibited from boarding the yacht. He must
15 notify the FBI of the Southern District of New York and
16 Pretrial Services if the yacht is moving locations. He will
17 have access to his plane for purposes of domestic travel for
18 court purposes only and prior notice to the FBI, Southern
19 District of New York, and Pretrial Services.
20 Is that prior notice prior to his domestic travel?
21 MR. ROOS: Prior to his — prior notice for his
22 domestic travel using a private aircraft.
23 THE COURT: No contact with codefendants except in the
24 presence of counsel, and no contact with witnesses designated
25 by the Southern District of New York by email or letter except

for his personal assistants.

Just for purposes of specificity, the personal assistants, is it one? Two? How many?

MR. ZORNOW: Three.

THE COURT: Three.

MR. ROOS: Three.

THE COURT: And the government has their names?

MR. ROOS: Yes. And I should add for this condition, I think it would be appropriate, much like the codefendant provision, it would be no contact with these witnesses except in the presence of counsel. The witness — the prohibited witnesses, not the personal assistants, which he can speak to.

MR. ZORNOW: Understood.

THE COURT: OK. For Mr. O'Connor, do you have the agreed-upon conditions?

MR. ROOS: So, your Honor, for Mr. O'Connor and Mr. Waugh, the conditions are the same. And so if it's OK with your Honor, I'll just read them for both.

THE COURT: Go ahead. Thank you.

MR. ROOS: So it is a $250,000 personal recognizance bond cosigned by a financially responsible person, the surrender of passports and no new applications, regular reporting to Pretrial Services as directed, no international travel, travel restricted to the continental United States, prohibited from piloting aircrafts, no contact with

1   codefendants or witnesses designated by the Southern District
2   of New York U.S. Attorney's Office except in the presence of
3   counsel, and finally, the surrender of firearms if applicable.
4          THE COURT:  The possession of firearms was not a
5   listed condition for Mr. Lewis.  I'm going to impose that
6   nonetheless, unless there's ─
7          MR. ROOS:  Counsel informed me that there is no
8   firearm, but we have no objection to the condition.
9          MR. ZORNOW:  Nor do we.
10         THE COURT:  I'm going to read back the conditions just
11  to make sure we're ─ I got them all.
12         For both Mr. O'Connor and Mr. Waugh, it's a $250,000
13  personal recognizance bond signed by one financially
14  responsible individual.  They will surrender all travel
15  documents and not make any new applications.  Pretrial
16  supervision as directed by Pretrial Services.  Travel will be
17  restricted to the continental United States but no
18  international travel.  They're prohibited from piloting
19  aircraft.  They're not to possess firearms, destructive
20  devices, or other weapons.  There will be no contact with
21  codefendants or witnesses designated by the Southern District
22  of New York except in the presence of counsel.
23         Did I miss anything for either defendant?
24         MR. ROOS:  No, your Honor.
25         THE COURT:  For Mr. Lewis, Mr. O'Connor, and

Mr. Waugh, let me just warn you, if you fail to appear in court or if you violate any of the conditions of your release, a warrant will be issued for your arrest. You and anyone who signed the respective bonds will each be responsible for payment of the full amount. In Mr. Waugh and Mr. O'Connor's case, that's 250,000, and in Mr. Lewis' case, it's 300 million. And you may be charged with a separate crime of bail jumping.

In addition, if you commit a new offense while you are released, in addition to the sentence prescribed for that offense, you will be sentenced to an additional term of imprisonment of not more than ten years if the offense is a felony or not more than one year if the offense is a misdemeanor, and the term of imprisonment will be executed after any other sentence of imprisonment is completed.

MR. ROOS: Your Honor, I think I specified two weeks for completion of the outstanding provisions for Mr. Lewis. We'd ask for the same for the two other defendants.

THE COURT: Two weeks from today is August 9. So they will be released today on their own signature, and you have until August 9 to complete –– to meet the conditions.

Has the district judge set a conference date?

MR. ROOS: No, your Honor. So we would ask for a control date, and we'll then be making an application for the exclusion of time to the control date. Having spoken to defense counsel, I think maybe it would be appropriate to set a

1  control date for right after Labor Day, and then we'll perhaps
2  set an earlier date with the district court judge.
3              THE COURT:  I think the day after Labor Day is
4  September 5.  I could set September 5 as a control date.
5              MR. ROOS:  That would be perfect.
6              THE COURT:  So I'll set September 5.
7              And there's no request to exclude time at this time.
8  You'll make it to the district judge?
9              MR. ROOS:  Well, if I could make it — I was planning
10  on making it to you, unless —
11             THE COURT:  Yes.
12             MR. ROOS:  OK.  So the government would move to
13  exclude time under the Speedy Trial Act so that the government
14  can begin producing discovery, negotiate a protective order,
15  and the defense can begin reviewing discovery and contemplating
16  motions so that, if appropriate, the parties could also discuss
17  what's the schedule and disposition for this case.
18             THE COURT:  Do any of the defense attorneys want to be
19  heard on the motion?
20             MR. LEWIN:  No, Judge.
21             MR. CROWLEY:  No, your Honor.
22             MR. ZORNOW:  No, your Honor.
23             THE COURT:  At the request of and with the agreement
24  of the three defendants, I will exclude time through
25  September 5, 2023, and I find that the ends of justice served


N7QHLewA

1  by taking such action outweigh the interests of the public and
2  the defendant in a speedy trial.
3             Is there anything further from either side?
4             MR. ROOS:  No, your Honor.
5             MR. LEWIN:  No, Judge.
6             MR. CROWLEY:  No.  Thank you, your Honor.
7             MR. ZORNOW:  No, your Honor.
8             THE COURT:  Thank you so much.
9             MR. ZORNOW:  Thank you, your Honor.
10            (Adjourned)